USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN COLON,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

1:23-cv-3489 (MKV)

**OPINION AND ORDER
DENYING PETITION
FOR A WRIT OF
HABEAS CORPUS**

MARY KAY VYSKOCIL, United States District Judge:

Jonathan Colon ("Petitioner") petitions this Court to vacate his conviction pursuant to 28 U.S.C. § 2255 on the grounds that his conviction for attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 is invalid following the Supreme Court's decisions in *United States v. Davis*, 588 U.S. 445 (2019) and *United States v. Taylor*, 596 U.S. 845 (2022). In addition, Petitioner argues that his guilty plea was not made knowingly and voluntarily because he was "coerced by his pretrial counsel into taking a plea," and both his trial and appellate counsel were constitutionally ineffective for failing to challenge his conviction under *Davis* and *Taylor*. For the reasons herein, the petition is DENIED.

## BACKGROUND

*Petitioner's Underlying Offense Conduct*

Petitioner belonged to a violent drug trafficking organization ("the organization") that operated in the vicinity of Watson Avenue in the Bronx. [Docket No. 20-cr-213 (MKV), ECF No. 204, Presentence Report] ("PSR") ¶ 35, 38.[1] Petitioner sold cocaine and crack cocaine for the organization. PSR ¶ 35, 38. The organization's other members included Petitioner's co-defendants Florentino Garcia, Nazeem Francis, and Julio Ozuna. PSR ¶ 34.

---

[1] All citations to the PSR or to other docket entries relating to the underlying criminal case are filed in *United States v. Ozuna et al.*, Case No. 20-cr-213 (MKV) (S.D.N.Y.).

1

In August 2018, Petitioner agreed with Garcia, Francis, and Ozuna to rob a marijuana dealer, Victim-1, by luring Victim-1 into a pretextual marijuana transaction. PSR ¶ 4, 33. The night of the robbery, Petitioner, Garcia, Francis, and Ozuna traveled to the neighborhood where Victim-1 lived. PSR ¶ 40. Before calling Victim-1 to initiate the pretexual transaction, Francis instructed Petitioner, Ozuna, and Garcia to "make sure there was ammunition in the firearm," so he knew that at least one member of his group was carrying a firearm. PSR ¶ 40. Christopher Pierce, Victim-1's friend, accompanied Victim-1 to the agreed-upon meeting spot. PSR ¶ 40. After the drug transaction was completed, Victim-1 and Pierce left. PSR ¶ 40. However, Petitioner, Garcia, and Francis followed Victim-1 and Pierce, while Ozuna remained behind as a lookout. PSR ¶ 40. After Pierce turned the corner about a block away from where the transaction occurred, Garcia shot Pierce, killing him. PSR ¶ 40. Petitioner, Garcia, Francis, and Ozuna ran, and no robbery took place. PSR ¶ 40.

***Petitioner's Criminal Case***

On March 24, 2020, Petitioner was arrested on Superseding Indictment S1 20-cr-213 (MKV) [ECF No. 23] (the "Indictment"). PSR ¶ 47. The same day Petitioner was arrested, the Government unsealed the Indictment, charging Petitioner and six other defendants in eight counts, four of which charged Petitioner. Count One charged Petitioner with the murder of Christopher Pierce through the use of a firearm in furtherance of an attempted Hobbs Act robbery, in violation of 18 U.S.C. § 924(j) and 2. Indictment at 1; PSR ¶ 2. Count Two charged Petitioner with attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2. Indictment at 2; PSR ¶ 3. Count Three charged Petitioner with conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. Indictment at 3; PSR ¶ 4. Finally, Count Four charged Petitioner with conspiring to distribute at least twenty-eight grams of cocaine base, also known

2

as crack cocaine, and a detectable amount of cocaine, in violation of 18 U.S.C. § 846. Indictment at 4; PSR ¶ 5.

On June 24, 2021, Petitioner appeared before this Court and pled guilty, pursuant to a written plea agreement with the Government, to Count Two of the Indictment charging him with attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2, and stipulating to a Guidelines range of 292 to 365 months imprisonment. PSR ¶ 118. However, under Section 5G1.2 of the U.S. Sentencing Guidelines, because the statutory maximum term of imprisonment for Count Two is twenty years, the applicable Guidelines sentence is 240 months imprisonment (the "Stipulated Guidelines Sentence"). PSR ¶ 116. Relevant here, the Plea Agreement also included an express provision in which Petitioner agreed to "not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under 18 U.S.C. §§ 2255 and 2241, of any sentence within or below the Stipulated Guidelines Sentence" of 240 months imprisonment. Plea Agreement at 5. The Agreement further provided that this provision was "binding on the parties . . . even if the Court employ[ed] a Guidelines analysis different from that stipulated to herein." Plea Agreement at 5.

During his plea allocution, after questioning Petitioner, the Court first found, without objection from either party, that he was competent to enter a plea. [ECF No. 172, Plea Transcript] ("Plea Tr.") 13:24-15:7. Next, Petitioner informed the Court that he had read, discussed with his attorneys, and understood both the Indictment (including the charges against him and defenses to such charges) and the Plea Agreement before he signed it. Plea Tr. 14:9-22; 19:16-20:8; 32:2-16. The Court additionally confirmed that Petitioner understood the rights he would be giving up by pleading guilty, as well as the consequences of a guilty plea. Plea Tr. 15:11-13; 16:2-19:13. The Court then confirmed that Petitioner understood that he had agreed,

pursuant to the Agreement, to admit to certain facts *unrelated* to the charge to which he was pleading guilty, including, admitting that Christopher Pierce died as a result of the attempted robbery to which he was pleading guilty. Plea Tr. 23:9–14. Petitioner expressly confirmed that he agreed to admit to these facts and assured the Court that he understood he was under no obligation to do so. *See* Plea Tr. 33:15–17.

The Court then asked Petitioner to explain, "in [his] *own words* what it is that [he] did that makes [him] guilty of the crime to which [he is] entering a plea of guilty." Plea Tr. 36:16-18. Petitioner proceeded to admit—under oath—that he and others planned to use actual force, the threat of force, or violence or fear to rob a marijuana dealer of jewelry. Plea Tr. 38:5-8. Petitioner also admitted that one of the people he was with had a loaded firearm which shot and killed Pierce.[2] Plea Tr. 37:3-10. The Government then provided a detailed summary of the evidence it would have introduced to convict Petitioner of attempted Hobbs Act robbery, the murder of Pierce, and the narcotics conspiracy if the case were to proceed to trial. Plea Tr. 39:4-25, 40:1-16. After the Court reminded Petitioner of the Government's burden of proof, Petitioner affirmatively stated that he still wished to plead guilty. Plea Tr. 40:18-24. Ultimately, Petitioner swore—again under oath—that he was pleading guilty because he was, in fact, guilty and that he was entering the guilty plea of his own free will and without the influence of any threat or promise. Plea Tr. 41:5-15; 42:16-21. Petitioner then plead guilty to Count Two of the Indictment, attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2, and the Court accepted the plea. Plea Tr. 41:1–4.

---

[2] Specifically, Petitioner stated the following: "The plan was to take by threat of force the jewelry that the marijuana dealer was known to wear during a street-level purchase of marijuana. As he neared with Mr. Pierce and we approached, they realized what was happening and began running away. As they ran, a gun was fired by one of the people who I was with, striking and killing Mr. Pierce. I was aware then, as I am now, that my actions were unlawful." Plea Tr. 37:3–10.

4

On January 7, 2022, this Court sentenced Petitioner to a *below*-Guidelines term of 200 months imprisonment, to be followed by three years of supervised release. [ECF No. 253, Sentencing Transcript] ("Sent. Tr.") 27: 8–17. During his sentencing, Petitioner confirmed that he had read and discussed the entirety of the PSR with his attorney and lodged no objections to the facts or Sentencing Guidelines contained therein. Sent. Tr. 17:21-24; PSR at 22. Accordingly, the Court adopted the PSR as is. Sent. Tr. 17:21-24; *see also* [ECF No. 249].

Petitioner subsequently appealed his sentence to the Second Circuit on the grounds that the Court's sentence was procedurally and substantively unreasonable. Case No. 22-180-cr [ECF No. 25], Direct Appeal Brief ("Pet. Dir. Appeal") at 14, 18. The Government filed a motion to dismiss the appeal in lieu of a response brief on the grounds that Petitioner had waived his right to appeal in his plea agreement. Case No. 22-180-cr, ECF No. 47. The Second Circuit ordered Petitioner to respond to the Government's motion to dismiss by filing a response in compliance with *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000). Case No. 22-180-cr [ECF No. 50]. In response, Petitioner's appellate counsel filed an *Anders* Brief[3] in accordance with that Order, arguing that (1) the waiver provision of his plea agreement was unenforceable for lack of consideration, (2) the Sentencing Guidelines calculation was in excess of the statutory maximum sentence for attempted Hobbs Act Robbery, and (3) that under *United States v. Taylor*, 596 U.S. 845 (2022), attempted Hobbs Act robbery is not a "crime of violence" within 924(c)(3)(A)'s elements clause. [ECF No. 53, ("*Anders* Br.") at 15–16.

On January 3, 2023, the Second Circuit granted the Government's motion to dismiss Petitioner's appeal on the grounds that it was barred by the waiver of appellate rights contained in Petitioner's plea agreement and that Petitioner had not demonstrated that the waiver of his

---

[3] *See Anders v. California*, 386 U.S. 738 (1967).

appellate rights was unenforceable under *United States v. Gomez-Perez*, 215 F. 3d 315, 319 (2d Cir. 2000). Case No. 22-180-cr, ECF No. 76.

*Petitioner's Habeas Motion*

After the Second Circuit dismissed Petitioner's direct appeal, Petitioner filed the pending motion to vacate his conviction pursuant to 28 U.S.C. § 2255. [ECF No. 286] ("Pet. Motion."). Petitioner argues that his conviction for attempted Hobbs Act Robbery in violation of 18 U.S.C. § 1951 is invalid following *United States v. Davis*, 588 U.S. 445 (2019) and *United States v. Taylor*, 596 U.S. 845 (2022). In addition, Petitioner argues that his guilty plea was not made knowingly and voluntarily due to ineffective assistance of trial counsel, and that his appellate counsel was also constitutionally ineffective for failing to challenge his conviction under *Davis* and *Taylor*. The Government opposed the motion. [ECF No. 288] ("Gov. Opp."). Shortly thereafter, and without leave of Court, Petitioner filed an amended motion also pursuant to 28 U.S.C. § 2255 which apparently asserted the same grounds for relief. [ECF No. 289] ("Am. Motion"). In response to a Court order [ECF No. 303], the Government advised the Court that it was resting on its prior opposition and would not be filing a new opposition to the Amended Motion for habeas relief. [ECF No. 304].

## LEGAL STANDARD

A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States, or if the court was without jurisdiction to impose such a sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In other words, collateral relief under Section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a

fundamental defect which results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Hoskins*, 905 F.3d 97, 103 (2d Cir. 2018). Moreover, "the petitioner generally bears the burden of proof throughout the habeas proceeding." *Zappulla v. New York*, 391 F.3d 462, 489 n.19 (2d Cir. 2004). Ultimately, "issuance of the writ is an extraordinary remedy, . . . granted only in the exercise of a sound judicial discretion." *Id*.

## DISCUSSION

Petitioner seeks to vacate his conviction on the grounds that: (1) his conviction for attempted Hobbs Act robbery is invalid under *Davis* and *Taylor*; (2) his guilty plea was not made knowingly and voluntarily; (3) he received ineffective assistance of trial counsel for his failure to raise arguments under *Davis* or *Taylor*; and (4) his appellate counsel also was constitutionally ineffective for similarly failing to challenge his conviction under *Davis* and *Taylor*. Am. Motion at 4–8.

I.   **Certain of Petitioner's Claims Are Procedurally Barred.**

As a threshold matter, generally "a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal."[4] *United States v. Thorn*, 659 F. 3d 227, 231 (2d Cir. 2011); *see also Yick Man Mui v. United States*, 614 F.3d 50, 53–54 (2d Cir. 2010); *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007). That is true even where there has been an intervening change in the substantive law that could provide legal support to the defendant's claim. *Thorn*, 659 F.3d at 33; *Yick Man Mui*, 614 F.3d at 53. Here, Petitioner's direct appeal to the Second Circuit solely argued that his sentence was procedurally and substantively unreasonable—*i.e.*, he did not raise any ground he now raises in his Section

---

[4] Because Petitioner's ineffective assistance of *appellate* counsel claim could not logically be raised on *direct* appeal, this claim is clearly not procedurally barred, and the Court addresses such claim on the merits below.

2255 Petition. Pet. Dir. Appeal at 14, 18. Moreover, in his *Anders* Brief, filed in response to the Government's motion to dismiss, Petitioner similarly did not argue that his guilty plea was unknowing and/or involuntary, did not challenge the validity of his conviction based on the effect of *Davis* or *Taylor*,[5] did not object to the "[Section] 924(c) Firearms Enhancement" applied to his Sentencing Guidelines calculation, and did not raise an ineffective assistance of trial counsel argument. As a result, because Petitioner failed to raise each of these claims on direct appeal, they are all procedurally barred. *Thorn*, 659 F. 3d at 231.

Because these claims are procedurally barred, the Court cannot consider them in a 2255 Petition unless the petitioner can demonstrate either (1) " 'cause' *and* actual 'prejudice' " or (2) " 'actual[] innocen[ce].' " *Bousley*, 523 U.S. at 622 (emphasis added) (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)). To show cause, a petitioner must demonstrate that "some objective factor external to the defense" prevented him from raising the claim, "such as a claim that 'is so novel that its legal basis [was] not reasonably available to counsel' [and] kept him from raising the claim on direct appeal." *Whitman v. United States*, 754 F. App'x 40, 42 (2d Cir. 2018) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) and *Reed v. Ross*, 468 U.S. 1, 16 (1984)). Prejudice in this context is

---

[5] The Court notes that Petitioner's *Anders* Brief did briefly discuss the *Taylor* case in connection with its argument that Petitioner signed a plea agreement without consideration, and therefore, such agreement should be unenforceable. *Anders* Br. at 12. Specifically, Petitioner argued that by pleading guilty, he avoided a potential conviction on the remaining counts of the Indictment that were dismissed at sentencing including an 18 U.S.C. § 924(j) count, which carried a maximum term of imprisonment of life. *Anders* Br. at 12. Petitioner further argued that after the Supreme Court's decision in *Taylor*, a § 924(c) conviction based on the possession or use of a firearm during an attempted Hobbs Act robbery would no longer be supportable as a matter of law. *Id*. Thus, Petitioner argued that because a conviction on that Count would violate the Supreme Court's instruction in *Taylor*, he received "no benefit" from his plea agreement, and therefore, it was unenforceable. *Id*. But this argument is not, in fact, the same argument that Petitioner now raises in his 2255 Petition, which argues that *Taylor* invalidates the conviction on the charge to which he did *actually plead guilty*—attempted Hobbs Act robbery, not Section 924. *Id*. To that end, Petitioner's 2255 claim is procedurally barred because he did not raise this specific argument on his direct appeal, despite raising *Taylor* in connection with an entirely different legal argument. *Thorn*, 659 F. 3d at 231. Still, for completeness, the Court notes that the Second Circuit nevertheless rejected Petitioner's argument that *Taylor* invalidated Petitioner's plea agreement. Case No. 22-180-cr, ECF No. 76.

8

defined as "a reasonable probability that, but for counsel's errors, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here Petitioner fails to demonstrate either cause and prejudice, or actual innocence, for any of his procedurally defaulted claims.

With respect to the claim that Petitioner's guilty plea was unknowing and/or involuntary, the claim is not credible since it is directly contradicted by his prior sworn statements, *see Lynch v. United States*, 309 F. App'x 487, 489 (2d Cir. 2009), and because he fails to demonstrate "prejudice." Petitioner has not presented any evidence that contradicts his sworn statements that he entered the plea *voluntarily*. Petitioner admitted that he was entering the plea of his own free will, without the influence of any threat or promise made by another party, and without the influence of force, coercion, or violence. Plea Tr. 41:5-15; 42:16-21. Finally, Petitioner has not presented any evidence that contradicts his sworn statements that he entered the plea *knowingly*. Petitioner repeatedly admitted that he "understood his rights" and the "consequences of pleading guilty," even after the Court walked through each right and consequence one by one. *See* Plea Tr. 15:11-13; 16:2-19:13. Moreover, during his plea hearing, Petitioner specifically admitted under oath that he and others planned to use actual force, the threat of force, or violence or fear to rob a marijuana dealer of jewelry. Plea Tr. 38:5–8. Petitioner also admitted that one of the co-defendants he was with had a loaded firearm which shot and killed Christopher Pierce. Plea Tr. 38:5–8. In other words, Petitioner has not presented any evidence that contradicts his sworn admissions of guilt under oath that he wished to enter a guilty plea and avoid going to trial.

With respect to Petitioner's claim that *Davis* and *Taylor* invalidate his conviction, Petitioner fails to demonstrate cause. First, his argument under *Davis* is not "so novel that its legal basis [was] not reasonably available to counsel' [and] kept him from raising the claim on

9

direct appeal," because *Davis* had already been decided by the time Petitioner filed his appeal with the Second Circuit. *Whitman*, 754 F. App'x at 42. Second, although *Taylor* had not yet been decided when Petitioner originally filed his direct appeal, prior to Petitioner's appeal, defendants had routinely argued that attempted Hobbs Act robbery was not a crime of violence within the meaning of § 924(c). *See e.g.*, *United States v. McCoy*, 995 F. 3d 32, 56 (2d Cir. 2021); *see also United States v. Hendricks*, 921 F. 3d 320, 328-29 & n.40 (2d Cir. 2019) (holding that attempted bank robbery by force and violence, or by intimidation in violation of § 2113(a) is a crime of violence) (internal quotation marks omitted). Accordingly, such arguments under *Davis* and *Taylor* were neither novel nor reasonably unavailable to his counsel such that they could not have been raised on direct appeal. *Whitman*, 754 F., App'x at 42.

With respect to Petitioner's claim that the "§ 924(c) Firearms Enhancement" should not have been applied to his Sentencing Guidelines calculation, Petitioner fails to demonstrate "prejudice." Specifically, Petitioner did not lodge any objections to the two-level increase outlined in the PSR. PSR ¶ 64. During his plea hearing, Petitioner also admitted under oath that one of the co-defendants he was with had a loaded firearm which shot and killed Christopher Pierce. Plea Tr. 38:5–8. In fact, Petitioner admitted that he *knew* his co-defendant had a loaded gun before approaching Pierce. PSR ¶ 40. In other words, Petitioner has not presented any evidence that contradicts his sworn admissions that a firearm was possessed during the commission of the crime to which he pled guilty, which warranted a two-level increase pursuant to USSG § 2D1.1(b)(1).

With respect to Petitioner's claim of ineffective assistance of trial counsel, his sole argument is that counsel failed to raise arguments under *Davis* and *Taylor*. However, Petitioner fails to demonstrate "cause." Ineffective assistance of counsel claims are a far-cry from "novel"

10

in the criminal context, and Petitioner points to no external "objective factor" that prevented him from raising the claim on direct appeal in the first place. *Whitman*, 754 F. App'x at 42. Additionally, as the Court explains in addressing this claim on the merits below, *see infra* Section II, any such arguments would have been meritless, and therefore, could not have resulted in "actual prejudice." *See e.g.*, *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995).

Neither can Petitioner establish actual innocence. In this context, actual innocence is defined as "factual innocence," which can be demonstrated through a showing that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [Petitioner]." *Bousley*, 523 U.S. at 623 (citations omitted). In addition, where a defendant has pleaded guilty, he must also show actual innocence of "the more serious charges" that the Government abandoned during the course of plea negotiations. *Id.* at 624. Petitioner has simply failed to make that showing, and indeed his own prior sworn testimony contradicts any claim of actual innocence. During his plea allocution, Petitioner swore that he "participated with others in the attempted robbery of jewelry from a marijuana dealer" and that during the course of that attempted robbery, Christopher Pierce was killed. Plea. Tr. 36–37. Petitioner also admitted that he knew a loaded firearm was used and that "the plan was to use actual force, or the threat of force, or violence or fear to commit this offense." Plea Tr. 38:5–8. And ultimately, Petitioner admitted—under oath—that he *knew* what he did was "wrong" and "illegal." Plea Tr. 38:9–13; *Lynch*, 309 F. App'x at 489 ("open court declarations 'carry a strong presumption of verity' "); *United States v. Gonzalez*, 970 F.2d 1095, 1100–01 (2d. Cir. 1992) (finding that "the District Court could properly reject [petitioner's] unsupported allegations that his plea was the result of reliance on his attorney's incorrect characterization of the agreement . . . [because] . . . these unsupported allegations . . . merely contradicted [petitioner's] earlier statements made under oath

11

at his plea allocution" (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) and *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978))); *Mejia v. United States*, 740 F. Supp. 2d 426, 429 (S.D.N.Y. 2010) ("A defendant's bare allegations in a [Section] 2255 petition cannot overcome his contrary statements under oath during a plea allocution, which must be given presumptive force of truth.").

Accordingly, all of Petitioner's claims raised in his 2255 Petition (with the exception of ineffective assistance of *appellate* counsel) are procedurally barred, and Petitioner has failed to demonstrate cause and actual prejudice or actual innocence which would allow the Court to consider them further on the merits.

### II. Even If Certain of Petitioner's Claims Were Not Procedurally Barred, They Would Fail on the Merits.

#### A. Petitioner's Ineffective Assistance of Trial Counsel Claim Fails on the Merits Under *Strickland*.

Petitioner argues that he received ineffective assistance of trial counsel because counsel failed to raise arguments under *Davis* or *Taylor*. Petitioner contends that if not for counsel's failure to advise him of the legal implications of *Davis* and *Taylor*, he would not have plead guilty and "would have went to trial." Pet. Motion at 11. Ultimately, however, it is not ineffective assistance of counsel to fail to make meritless arguments. *See e.g.*, *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995).

Under the Sixth Amendment, "the accused shall . . . have the [a]ssistance of [c]ounsel for his defen[s]e." U.S. Const. amend. VI. "A defendant in criminal proceedings has a right under the Sixth Amendment to effective assistance from his attorney at all critical stages in the proceedings, which include entry of a plea of guilty . . . ." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (collecting cases). To fulfill his or her professional duties, "defense

counsel 'must give the client the benefit of counsel's professional advice on this crucial decision' of whether to plead guilty." *Purdy v. United States*, 208 F.3d 41, 44 (2d Cir. 2000) (quoting *Boria v. Keane*, 99 F.3d 492, 497 (2d Cir. 1996)). When providing professional advice on whether or not to plead guilty, counsel "may take into account, among other factors, the defendant's chances of prevailing at trial, the likely disparity in sentencing after a full trial as compared to a guilty plea (whether or not accompanied by an agreement with the government), whether the defendant has maintained his innocence, and the defendant's comprehension of the various factors that will inform his plea decision." *Id.* at 45.

To establish a claim of ineffective assistance of counsel, a Section 2255 petitioner must prove the two elements articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a successful ineffective assistance claim requires a showing that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694; *U.S. v. Rodriguez*, 68 F. App'x 237, 243 (2d Cir. 2003).

To meet the first prong of *Strickland*, a petitioner must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The petitioner bears the burden of proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Since "there are countless ways to provide effective assistance in any given case and . . . even the best criminal defense attorneys would not defend a particular client in the same way[,] . . . reasonable, but unsuccessful strategic choices cannot provide the basis for ineffective assistance of counsel." *Speringo v. McLaughlin*, 202 F. Supp. 2d 178, 191 (S.D.N.Y. 2002) (quoting *U.S. v.*

13

*Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990)); *see also United States v. Baez*, No. 21-2020, 2022 WL 10219667, at *1 (2d Cir. Oct. 18, 2022) (" '[C]ounsel is strongly presumed to have rendered adequate assistance and [to have] made all significant decisions in the exercise of reasonable professional judgment[.]' ") (quoting *Strickland*, 466 U.S. 668 at 690).

To meet the second prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. A claim of ineffective counsel in connection with a guilty plea requires a showing that "but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A court need not decide both prongs of the *Strickland* test for ineffective assistance of counsel if a party has made an insufficient showing on one." *See Strickland*, 466 U.S. at 697.

At bottom, Petitioner's claim of ineffective assistance of trial counsel fails on the merits because it does not satisfy either of the two-prongs articulated under *Strickland*. As to the first element of *Strickland*, there is no indication that trial counsel's failure to pursue or raise arguments under *Davis* and *Taylor* "[fell] below an objective standard of reasonableness" because despite Petitioner's contention, neither Supreme Court holding invalidates Petitioner's conviction. Briefly, in *Davis*, the Supreme Court held that Section 924(c)(3)(B) was unconstitutionally vague because it provided enhanced penalties for using a firearm during a "crime of violence." *Davis*, 588 U.S. at 448. In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence *under 18 U.S.C. § 924(c)(3)(A)*. *Taylor*, 596 U.S. at 859. Neither *Davis* nor *Taylor*, however, stands for the proposition that attempted Hobbs Act robbery is no longer a valid federal crime in and of itself as Petitioner

14

urges. Instead, the *Davis* and *Taylor* line of cases speak only to enhanced penalties of an entirely separate and distinct crime—18 U.S.C. § 924(c), involving the use or carrying of a firearm during and in relation to a crime of violence of drug trafficking crime. Here, Petitioner plead guilty to attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951. Accordingly, nothing in *Davis* or *Taylor* has any bearing on the statute underlying Petitioner's conviction.

Further, trial counsel's purported failure to object to the "§ 924(c) Firearms Enhancement" with respect to to Petitioner's Sentencing Guidelines calculation fails on similar grounds. Petitioner admitted in the plea agreement, during his plea allocution, and by his failure to object to the Presentence Report or at sentencing that a firearms enhancement under the Sentencing Guidelines did, in fact, apply to his case because a firearm was possessed and used in connection with the offense. Plea Agreement at 3; Plea Tr. 38:1–4; PSR ¶ 64. Indeed, as previously noted, Petitioner expressly stated on the record that in committing the attempted Hobbs Act robbery to which he was pleading guilty, "[t]he plan was to take *by threat of force* the jewelry" and as he and his co-defendants fled the scene, "a gun was fired striking and killing Mr. Pierce." Plea Tr. 37:3–10; *see also Lynch*, 309 F. App'x at 489. Therefore, the two-level increase pursuant to the Guidelines "924(c) Firearms Enhancement"—which Petitioner agreed to in the Plea Agreement—was warranted and is not invalidated by either *Davis* or *Taylor*. Accordingly, under the first prong of Strickland, trial counsel's alleged failure to raise these meritless arguments do not constitute ineffective assistance of counsel. *See e.g.*, *Camper v. United States*, 2021 WL 4504700 at *5 (S.D.N.Y. October 1, 2021) (citing *United States v. Kirsh*, 54 F. 3d 1062, 1071 (2d Cir. 1995) (stating that "the failure to make a meritless argument does not rise to the level of ineffective assistance").

Further, Petitioner fails to meet the second prong of *Strickland* because he has not demonstrated prejudice resulting from any purportedly deficient advice he received with respect to his guilty plea. Assuming, *arguendo*, that Petitioner had demonstrated deficient advice—which he has not—Petitioner has not made any showing that absent the alleged defects in his representation, he would have decided not to plead guilty and to proceed to trial. *Hill*, 474 U.S. at 59. Petitioner argues that his trial counsel "coerced" him into taking a plea and that if not for counsel's ineffective representation, he would not have plead guilty and "would have went to trial." Pet. Motion at 11. But the record belies this new argument. The Court painstakingly walked through each provision of Petitioner's plea agreement, the rights Petitioner would give up by pleading guilty, and the implications of a guilty plea. At several points, Petitioner stated, under oath, that he wished to plead guilty. Plea Tr. 40:18–24. Additionally, Petitioner admitted that he was entering the plea of his own free will, without the influence of any threat or promise made by another party, and without the influence of force, coercion, or violence. Plea Tr. 41:5-15; 42:16-21. Ultimately, Petitioner has not presented any evidence that contradicts his sworn statements under oath that he wished to enter a guilty plea and avoid going to trial. *See, e.g.*, *Mejia*, 740 F. Supp. at 429. Instead, his sworn statements render Petitioner's current assertions not credible. *See Lynch*, 309 F. App'x at 489 ("open court declarations 'carry a strong presumption of verity' "); *Gonzalez*, 970 F.2d at 1100–01. He has therefore failed to satisfy the prejudice element of the *Strickland* test.

Because Petitioner has not satisfied the two-prong test under *Strickland*, the Court rejects his claim of ineffective assistance of trial counsel.

B. <u>Petitioner's Guilty Plea was Knowing and Voluntary.</u>

Despite finding that Petitioner was afforded constitutionally effective assistance of trial counsel, the Court nevertheless addresses on the merits Petitioner's argument that his guilty plea was not knowing and voluntary because he was coerced by that counsel into taking a plea. Am. Motion at 7. Indeed, due process requires that a defendant's guilty plea be knowing and voluntary. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). "[A] plea is deemed 'intelligent' if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way; it is deemed 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988); *Lynch*, 309 F. App'x at 489.

The Court has already found that Petitioner was not denied effective assistance of counsel for the reasons stated above (*see* Section II), and thus, when Petitioner's plea was entered, he "had the advice of counsel." *Lynch*, 309 F. App'x at 489. Furthermore, Petitioner's argument that his plea was not knowing and voluntarily fails because it directly contradicts his sworn statements made in open court. In determining whether a plea is knowing and voluntary, as previously noted, "open court declarations 'carry a strong presumption of verity.'" *Id*. During his plea allocution, Petitioner explicitly stated that he had read, discussed with his attorneys, and understood the Plea Agreement before he signed it. Plea Tr. 32:2-16. Petitioner also stated that he was pleading guilty because he was in fact guilty and that he was entering his plea of his own free will. Plea Tr. 41:5-15; 42:16-21. He confirmed his plea was made without the influence of any threat or promise made by another party. *Id*. Specifically, the Court asked, and the Defendant answered, the following:

17

> Q: "Are you pleading guilty voluntarily?"
> A: "Yes."
> Q: "Are you doing it of your own free will?"
> A: "Yes, your Honor."
> Q: "Has anyone threatened you in order to cause you to plead guilty?"
> A: "No, your Honor."
> Q: "Has anyone made any promises to you, other than what is in the plea agreement, in order to get you to plead guilty?"
> A: "No, your Honor."
> Q: "Has anyone used force or coercion or violence to cause you to plead guilty?"
> A: "No, your Honor."

Plea Tr. 41:8–20. The record clearly shows that Petitioner "understood the consequences of his plea" and that the plea was "not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." *Miller*, 848 F.2d at 1320.

Moreover, and particularly relevant here, this Circuit has consistently held that a district court may reject a claim that " 'merely contradict[s] the record, [is] inherently incredible, or [is] simply conclusory.' " *U.S. v. Bellegarde*, 39 F. App'x 646, 641 (2d Cir. 2002) (quoting *Gonzalez*, 970 F.2d at 1100). Petitioner's claim that his guilty plea was "coerced" simply contains no specific factual allegations supporting such an argument. Instead, Petitioner's claim that his plea was unknowing and involuntary contains merely speculative and conclusory accusations, which directly contradict the factually specific "open court declarations" he made during his plea allocution. Accordingly, the Court rejects Petitioner's claim, which "merely contradict[s] the record [and is] simply conclusory." *Bellegarde*, 39 F. App'x at 641.

Therefore, Petitioner's open court declarations of his guilt, the knowing and voluntary nature of his plea, and evident understanding of the consequences of his guilty

18

plea belie his current contention that his guilty plea was coerced and was not entered knowingly and voluntarily.

### C. Petitioner's Ineffective Assistance of Appellate Counsel Claim Fails on the Merits.

Petitioner next claims that his conviction should be invalidated because he received ineffective assistance of *appellate* counsel. The gravamen of Petitioner's ineffective assistance of appellate counsel claim is, in effect, the same as that against his trial counsel. He argues, again, that his appellate counsel failed to argue that *Davis* and *Taylor* invalidated his conviction of attempted Hobbs Act robbery. The aforementioned standard outlined in *Strickland* similarly applies to claims of ineffective assistance of appellate counsel. *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). Accordingly, Petitioner's claim of ineffective assistance of *appellate* counsel fails for the very same reasons as his ineffective assistance of trial counsel claim. *See supra* Discussion Section B; *Kirsh*, 54 F. 3d at 1071 (holding that the failure to make a meritless argument does not rise to the level of ineffective assistance).

### D. Substantively *Davis* and *Taylor* Do Not Invalidate Petitioner's Conviction.

The Court has already explained that neither *Davis* nor *Taylor* invalidate Petitioner's conviction for attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951, *see supra* Discussion Sections I and II. In short, *Davis* and *Taylor* relate to an entirely different statute, which is distinct and separate from the statute to which Petitioner plead guilty. As such, neither *Davis* nor *Taylor* invalidate Petitioner's conviction substantively.

## **CONCLUSION**

For the foregoing reasons, Petitioner's petition for habeas relief is hereby DENIED in its entirety. The Clerk of the Court respectfully is requested to enter judgement denying the habeas

petition and to close the case. The Clerk of Court is also respectfully requested to terminate docket entries number 286 and 289 in Case No. 20-cr-213 (MKV).

**SO ORDERED.**

**Date:  August 28, 2024**
**New York, NY**

*Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**